# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# at WINCHESTER

| | |
|---|---|
| WILLIAM THOMAS DAVIS III, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | No.: 4:15-CV-36-HSM-SKL |
| v. ) | |
| ) | |
| BEDFORD COUNTY JAIL, BEDFORD ) | |
| COUNTY WORKHOUSE, JERRY ) | |
| SIRCY, TIM LOKEY, and EUGENE ) | |
| RAY, ) | |
| *Defendants.* | |

## MEMORANDUM OPINION

Before the Court is a *pro se* prisoners' civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, plaintiff is allowed to proceed in this action without the prepayment of costs or fees or security therefor and plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**. For the reasons stated below, however, process shall not issue and this action will be **DISMISSED**.

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id.* at 1015–16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

According to the complaint, plaintiff was charged for an old jail medical bill without proof that plaintiff owed that debt. Plaintiff also appears to allege that on April 30, 2015, he incurred a $30 charge for commissary that he disputes because the commissary was passed out to several inmates. Plaintiff further states that Bedford County Jail has an inadequate law library that has books with pages missing, that he does not get to go to the law library when he wants or needs to go, and that he has no time or way to view the books. Plaintiff also alleges that defendants Bedford County Jail, Bedford County Workhouse, Jerry Sircy, and Tim Lokey will not give him copies of

his filed grievances, but also appears to allege that Bedford County Jail and Bedford County Workhouse have no grievance procedure.

As to Bedford County Workhouse, plaintiff alleges that the food is kept at the wrong temperature. Plaintiff also alleges that Bedford County Workhouse has inmates supervising inmates, and that this can cause an inmate to lose his job and commissary. Plaintiff further asserts that Bedford County Workhouse retaliates against inmates for seeking medical attention, specifically stating that "when you seek medical attention they take your job and put you in lockdown. They have no way to help you when [you are] in [there], no button to push or intercom to get help." Plaintiff also asserts that Bedford County Workhouse failed state inspection and has made no improvements, despite bleach and mold on the ceiling and insulation hanging from the ceiling.

Plaintiff also asserts that defendants Lokey and Sircy improperly classify inmates because state and county inmates are together. Plaintiff further alleges that Bedford County Jail houses inmates on the floor. Lastly, plaintiff asserts that defendant Lokey is a supervisor at Bedford County Workhouse, where someone opened his legal mail outside of his presence. As relief, plaintiff seeks to "get [his] money back and then some."

### 1. Bedford County Jail and Bedford County Workhouse

Bedford County Jail and Bedford County Workhouse are buildings, not suable entities within the scope of 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 688–90 and n. 55 (1978) (for purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate"); *Marbry v. Corr. Med. Servs.*, 2000 WL 1720959, at*2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under § 1983") (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th

3

Cir. 1991)); *Cage v. Kent County Corr. Facility*, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Accordingly, all allegations against Bedford County Jail and Bedford County Workhouse fail to state a claim upon which relief may be granted and they are therefore **DISMISSED** from this lawsuit.

### 2. Supervisory Liability

Plaintiff has also sued Eugene Ray,[1] the Mayor of Bedford County, Jerry Sircy, whom plaintiff alleges is the Captain of the Bedford County Jail, and Tim Lokey, whom plaintiff alleges is the Captain of the Bedford County Workhouse. Plaintiff makes no allegations as to Mayor Ray, and while plaintiff labels various allegations in his complaint with defendant Sircy's name or defendant Lokey's name, the only allegation of active behavior against them is that they have not provided plaintiff with copies of grievances. Accordingly, plaintiff appears to allege that defendant Ray is liable for all claims due to his supervisory position as Mayor, and that defendants Sircy, and Lokey are liable for all claims except the grievance claim due to their supervisory positions.

In a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir.

---

[1] Plaintiff misspelled Mayor Eugene Ray's name on his complaint. Accordingly, the Clerk is **DIRECTED** to correct his name in the Court file.

4

1989).  Likewise, a supervisor cannot be held liable for a mere failure to act.  *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (stating that "[s]upervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior'" (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999))); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983).

As plaintiff has not alleged any active behavior on the part of defendant Ray, he will be **DISMISSED**.  Likewise, plaintiff does not allege that defendant Lokey personally opened plaintiff's legal mail outside of his presence or had any knowledge of this alleged act, but rather only alleges that this occurred at the Bedford County Workhouse and that defendant Lokey is a supervisor there.  This assertion is insufficient to state a claim under § 1983 against defendant Lokey and it will therefore be **DISMISSED**.  Further, to the extent that plaintiff alleges that defendants Sircy and Lokey are liable for other acts in the complaint based on respondeat superior, any such assertions fail to state a cognizable claim under § 1983 and will be **DISMISSED**.  To the extent plaintiff has asserted that defendants Sircy and Lokey were actively involved in the other acts alleged in the complaint by labelling the allegations with their names, however, those allegations fail to state a claim for the reasons set forth below.

### 3. Monetary Claims

Plaintiff alleges that money was improperly transferred out of his account to pay a medical bill without proof plaintiff owes that money and also disputes a commissary charge on his account.  A plaintiff may not maintain an action under § 1983 for a random and unauthorized deprivation of personal property, whether negligent, *Parratt*

5

*v. Taylor*, 451 U.S. 527, 543–44 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330–31 (1986), or intentional, *Hudson v. Palmer*, 468 U.S. 517 (1984), where an adequate post-deprivation state remedy exists to address the claim and there is no allegation that the procedures are inadequate. *Parratt*, 451 U.S. at 543—44. The statutes governing the Tennessee Claims Commission, *see* Tenn. Code Ann. § 9-8-301 *et seq.*, provide plaintiff with a state remedy for his alleged monetary claims. Plaintiff has not alleged that this state remedy is inadequate. Plaintiff's allegations regarding the disputed charges to his inmate trust account therefore fail to state a claim which would entitle him to relief under § 1983 and they will be **DISMISSED**.

### 4. Grievance Procedures

Plaintiff's claims regarding the lack of grievance procedures and defendants' denial of his request for copies of his grievances are contradictory and fail to state a claim for a constitutional violation. "[T]here is no constitutionally protected due process right to unfettered access to prison grievance procedures." *Walker v. Mich. Dept. of Corrs.*, 128 F. App'x 441, 445 (6th Cir. 2005). Accordingly, these allegations fail to state a cognizable claim under § 1983 and they will be **DISMISSED**.

### 5. Law Library

Plaintiff's allegations regarding the law library at the jail attempt to state a claim for denial of access to courts. An inmate has a right of access to the courts under the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). In order to establish a claim for violation of this right, a prisoner plaintiff must show that defendant obstructed his efforts to pursue a non-frivolous legal claim regarding his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Accordingly, a plaintiff must plead and prove that his meritorious claims have been prejudiced by the alleged denial

6

of access to the courts. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). As plaintiff has not alleged prejudice to any claim, these allegations will be **DISMISSED** for failure to state a claim upon which relief may be granted.

### 6. Food Temperature

Plaintiff's assertion that food was served at the wrong temperature relates to the quality of the meals served at the jail. Allegations about the quality of prison food are far removed from Eighth Amendment concerns because they do not constitute the wanton and unnecessary infliction of pain upon an inmate. *Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977). These allegations are therefore **DISMISSED** as frivolous and for failure to state a claim for relief under § 1983.

### 7. Inmate Supervision

Plaintiff alleges that Bedford County Workhouse has inmates supervising inmates, which can cause an inmate to lose his job and commissary. Plaintiff does not allege that he has experienced any such loss, however. As such, these allegations therefore are purely speculative and do not present an actual "case or controversy" under Article III of the Constitution and cannot be considered by this Court. *North American Natural Resources, Inc. v. Strand*, 252 F.3d 808, 812-13 (6th Cir. 2001); *Whitmore v. Arkansas*, 495 U.S. 149, 158 (holding that "[a]llegations of possible future injury do not satisfy the requirements of Art. III [standing]"). Accordingly, these allegations are **DISMISSED** for failure to state a claim for relief under § 1983.

### 8. Medical Retaliation

Plaintiff alleges that, at Bedford County Workhouse, "when you seek medical attention they take your job and put you in lockdown. They have no way to help you when [you are] in [there], no button to push or intercom to get help." Plaintiff does not

7

assert that he has experienced any such retaliation, however, and he cannot assert the rights of other prisoners. *Newsom v. Norris*, 88 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional rights of other prisoners"). Accordingly, this claim is **DISMISSED** for failure to state a claim under § 1983.

### 9. Inmate Classification

Plaintiff asserts that defendants Lokey and Sircy improperly classify inmates because state inmates are housed with county inmates. Plaintiff does not state how, if at all, this allegedly improper classification has affected him. Moreover, the Sixth Circuit has held that inmates do not have "a constitutional right to a particular security level or classification." *Ford v. Harvey*, 106 F.App'x 397, 399 (6th Cir. 2004). Thus, this allegation fails to state claim upon which relief may be granted under § 1983 and it is **DISMISSED**.

### 10. Conditions of Confinement

Plaintiff alleges that the jail failed an inspection and has not made any changes, despite having bleach and mold on the ceiling and insulation on the ceiling. Plaintiff also alleges that the jail houses inmates on the floor. "[T]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman* 452 U.S. 337, 349 (1981). In claims regarding conditions of confinement, only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992). An extreme deprivation is one "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the

8

prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original); *see also Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

The mere existence of mold is insufficient to state a cognizable claim. *Perryman v. Gra*ves, No. 3:10-MC-109, 2010 WL 4237921, at *3 (M.D. Tenn. Oct. 20, 2010)(collecting cases that stand for the assertion that an allegation of mere exposure to black mold, without additional allegations or evidence of injuries to the plaintiff's health resulting from such exposure, is insufficient to state a claim for violation of the Eighth Amendment). Further, prisoners sleeping on the floor has been held constitutional under varying circumstances. *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986); *see also Hubbard v. Taylor*, 538 F.3d 229, 235 (3d Cir. 2008) (forcing pretrial detainees to sleep on a floor mattress for three to seven months due to overcrowding is not a constitutional violation); *Grissom v. Davis*, 55 F.App'x 756, 758, 2003 WL 343248, *2 (6th Cir. Feb. 12, 2003) (seven-day deprivation of a mattress and bedding did not violate the Eighth Amendment); *Jones v. Toombs*, 77 F.3d 482, 1996 WL 67750, at *1 (6th Cir. Feb. 15, 1996) (two-week deprivation of a mattress is not a constitutional violation).

Plaintiff's allegations of the existence of bleach, mold, and insulation fail to state a claim. Moreover, plaintiff has not alleged that he is housed on the floor at the jail. As set forth above, plaintiff cannot assert the constitutional rights of other prisoners. *Newsom v. Norris*, 88 F.2d 371, 381 (6th Cir. 1989). Even if the Court assumes that plaintiff is housed on the floor, however, plaintiff has not provided any information to support finding that this is an extreme deprivation such that it represents punishment prohibited by the Eighth Amendment. Accordingly, all of these allegations fail to state a claim upon which relief may be granted and are therefore **DISMISSED**.

9

Although this Court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), it concludes the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the Court finds that the complaint fails to state a claim upon which relief may be granted. Accordingly, this action will be **DISMISSED** *sua sponte* pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Because plaintiff is an inmate in the Bedford County Workhouse, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Bedford County to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to

payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

A separate judgment will enter.

**SO ORDERED**.

                                       */s/ Harry S. Mattice, Jr.*
                                       HARRY S. MATTICE, JR.
                                       UNITED STATES DISTRICT JUDGE